1  AKIN GUMP STRAUSS HAUER & FELD LLP
   CHRISTINE A. SAMSEL (CA SBN 150868)
2  HEATHER BURROR (CA SBN 205803)
   2029 Century Park East, Suite 2400
3  Los Angeles, California  90067
   Telephone:     (310) 229-1000
4  Facsimile:     (310) 229-1001

5  AKIN GUMP STRAUSS HAUER & FELD LLP
   ROLAND M. JUAREZ (CA SBN 160793)
6  1700 Pacific Avenue, Suite 4100
   Dallas, Texas  75201-4675
7  Telephone:     (214) 969-2800
   Facsimile:     (214) 969-4343
8
9  Attorneys for Defendant
   PIER 1 IMPORTS (U.S.), INC.
10

11                 UNITED STATES DISTRICT COURT

12              FOR THE EASTERN DISTRICT OF CALIFORNIA

13                       SACRAMENTO DIVISION

14

15 | BYRON CHAPMAN,                              | Case No. CIV.S-04-1339 LKK DAD
16 |                Plaintiff,                   |
17 |        v.                                   | **STIPULATION AND PROPOSED ORDER RE CONFIDENTIALITY**
18 | PIER 1 IMPORTS (U.S.), INC. dba PIER 1      | Complaint Filed: July 13, 2004
   | IMPORTS #1132; R/M VACAVILLE LTD.;          | Honorable Lawrence K. Karlton
19 | and DOES 1 through 10,                      |
20 |                Defendants.                  |

21

22         WHEREAS, in the course of this litigation, discovery may be sought of information that the

23 parties regard as being of a confidential, proprietary, privileged and/or private nature; and

24         WHEREAS, the parties hereto desire to establish a mechanism to protect the confidentiality of

25 such information;

26         IT IS HEREBY STIPULATED, by and between Defendants Pier 1 Imports (U.S.), Inc., R/M

27 Vacaville Ltd. and Plaintiff Byron Chapman and their respective attorneys of record, that:

28

5704667 v1                                   1

**STIPULATION AND PROPOSED ORDER RE CONFIDENTIALITY**

1. In connection with the discovery proceedings in this action, Defendants may designate any document, thing, material, testimony or other information derived therefrom that Defendants reasonably believe contain confidential, proprietary or trade secret information as "Confidential" under the terms of this Stipulation (hereinafter "Stipulation"). Similarly, Plaintiff may designate as "Confidential" any document, thing, material, portion of testimony or other information derived therefrom that contains his social security number, which he believes is private information.

2. Material designated as "Confidential" under this Stipulation, the information contained therein, and any summaries, copies, abstracts, notes, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purposes of the prosecution, or settlement and/or appeal of this action, and for no other purpose.

3. Except with the prior consent of the producing party or upon prior order of this Court, discovery material designated "Confidential" pursuant to paragraph 1 above shall not be disclosed directly or indirectly by the receiving party or his or its counsel to persons other than the following, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

    a) The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

    b) Counsel for the parties in this action, including paralegals, and secretarial employees who are assisting counsel in the prosecution, defense, and/or appeal of this action;

    c) Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of this action;

    d) Confidential material shall not be disclosed to attorneys who are not involved in the management, prosecution or defense of this litigation or to attorneys who were not involved in the underlying matters that are the subject of the litigation.

4. Any producing party shall designate Confidential Materials at the time of their production by marking any originals or copies of the documents or other tangible materials with the legend "Confidential" or a substantially similar legend at the time of their production. Marking first page of multi-page document is sufficient to designate entire document as confidential.

5.   The parties' attorneys of record may use Confidential Material in written interrogatories and requests for admission served upon opposing parties. Such interrogatories and requests for admissions and responses thereto, to the extent that they contain or disclose any Confidential Material, shall be so designated and delivered only to counsel, to the parties or to persons designated in paragraph 3 herein, and shall be filed with the Court in the manner provided in paragraph 8 hereof.

6.   Any part of the transcription or recording of testimony taken at deposition or elsewhere, or the transcription or recording as a whole, including exhibits thereto, may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the Court Reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

7.   If any Confidential Material is included in any papers, pleadings, memorandum, affidavit or transcripts that are filed with the Court, the parties will follow Local Rules 39-140 and 39-141, or other applicable Court rules. The parties understand and agree that, subject to evidentiary objections, the Court may consider Confidential Material to reach a resolution of this matter.

8.   This Stipulation shall be without prejudice to the right of the parties: a) to bring before the Court at any time the question of whether any particular document or information is Confidential; or b) Defendants' right to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. Any such motion shall be subject to the Court's rules governing discovery motions.

9.   This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation, nor the production of any information or document under the terms of this Stipulation, nor any proceedings pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any

party or the absence thereof.  Nothing in this Stipulation shall be deemed to impact in any way a parties' right to object to any discovery requests or responses on any grounds.

10.     If a subpoena issued in connection with any other litigation calls or arguably calls for the production by the recipient of the subpoena ("Recipient") of Confidential Materials produced to Recipient by any other person in this action, then the Recipient shall promptly provide notice of the subpoena to the producing party's attorneys of record.  Prior to the subpoena return date, the producing party shall have the right to file a motion to quash in order to stay any production pending the outcome of the motion.

11.     Discovery material shall lose their confidential status if the content or substance thereof: a) becomes part of the public domain, unless as a result of (i) action or failure to act, where there is a duty to act, on the part of the receiving party, or (ii) any breach of duty by any third party, or (iii) any violation of this Stipulation; or b) is made available to the receiving party by a third party who obtained the same by legal means and without any obligation of confidence to the producing party.

12.     Neither the taking of any action in accordance with the provisions of this Stipulation, nor the failure to object hereto shall be construed as a waiver of any claim or defense in this action. This Stipulation shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery (except based on the need for a protective order) and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action.  Nothing contained in this Stipulation or any declaration of confidentiality or restriction hereunder shall be used or characterized by any party as an "admission" by a party opponent.

13.     Execution of this Stipulation shall be without prejudice to any motion for further restriction on the production, exchange, or use of any document or other information in the course of this action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

14.     Nothing herein shall impose any restriction on the use or disclosure by a producing party of its own documents or information, including the deposition testimony of its employees or

experts. Nothing herein shall nullify any obligation or restriction otherwise imposed under California or federal law, on any person receiving Confidential Material.

15. Upon termination of this action, counsel for any party receiving Confidential Materials shall assemble all Confidential Materials for return to counsel for the producing party. Upon request, counsel for the receiving party shall confirm in writing to counsel for the producing party that such return has been completed. However, counsel shall be entitled to retain pleadings, motions, memoranda or other such Court documents embodying information derived from Confidential Materials for the purpose of preserving its files in this action.

16. The Court may amend this Stipulation. This Stipulation shall remain in force and effect until modified, superseded, or terminated by an order of the Court. Further, the parties to the instant matter reserve the right to amend this stipulation in writing. This Stipulation shall be enforceable as a contract if not entered by Court.

SO STIPULATED.

Dated: March __, 2005            LAW OFFICES OF LYNN HUBBARD

                                 By: _____/s/_____
                                         Lynn Hubbard

                                 Attorneys for Plaintiff
                                 BYRON CHAPMAN

Dated: March __, 2005            AKIN GUMP STRAUSS HAUER & FELD LLP

                                 By _____/s/_____
                                         Heather Burror

                                 Attorneys for Defendant
                                 PIER 1 IMPORTS (U.S.), INC.

Dated: April 19, 2005            TRAINOR ROBERTSON

                                 By _____/s/_____
                                         Daniel Steinberg

                                 Attorneys for Defendant
                                 R/M VACAVILLE LTD.

1   SO ORDERED.

3   Dated: April 22, 2005

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/chapman1339.stipord