UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BYRON CHAPMAN,

        Plaintiff,

    v.

PIER 1 IMPORTS, INC., et al

        Defendants.

        NO. CIV. S-04-1339 LKK/DAD

O R D E R

Pending before the court is plaintiff's motion for an award of attorneys' fees and costs in the amount of $70,608.80. The court decides the matter based upon the parties' papers without oral argument. For the reasons set forth below, the court awards $47,912.04 in fees and costs.

## I. Procedural History

Plaintiff Byron Chapman brought suit against defendants Pier 1 Imports (U.S.) d/b/a Pier 1 Imports #1132 and R/M Vacaville Ltd. pursuant to the Americans with Disabilities Act and various state laws. Plaintiff alleged that he encountered a

1

number of architectural barriers at the Pier 1 store.

On September 14, 2005, defendant R/M Vacaville Ltd. was dismissed. On June 19, 2007, the parties stipulated to entry of judgment. The court agreed to this stipulation and granted an entry of judgment in favor of plaintiff and against defendant on June 25, 2007. The court also granted injunctive relief and monetary damages in the amount of $8,000.

Plaintiff now seeks attorneys' fees under the ADA and state law. Because the court finds that plaintiff is entitled to attorneys' fees and costs under the ADA, the court does not address the standards for an award under California law.

## II. Standard

The ADA provides that "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The propriety of awarding attorneys' fees turns on three elements: (1) whether the party who seeks attorneys' fees is the prevailing party; (2) whether the court should exercise its discretion to award the fees; and (3) what constitutes a reasonable award.

A prevailing party is one who has "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citations and internal quotation marks omitted). A party achieves prevailing party status by establishing a "clear, causal relationship between the

litigation brought and the practical outcome realized." Rutherford v. Pitchess, 713 F.2d 1416, 1419 (9th Cir. 1983) (citations and internal quotation marks omitted).

Although the attorneys' fees provision is stated in discretionary terms, a prevailing plaintiff should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust. Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002) (citing Hensley, 461 U.S. at 429).

The starting point for calculating the amount of a reasonable fee is the number of hours reasonably expended multiplied by a reasonable hourly rate. Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley, 461 U.S. at 433). This lodestar figure is presumptively reasonable and should only be enhanced or reduced in "rare and exceptional cases." Id. (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)). The court may, however, adjust the lodestar figure if various factors overcome the presumption of reasonableness. Hensley, 461 U.S. at 433-34. The court may adjust the lodestar figure on the basis of the Kerr factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability

3

of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Morales v. City of San Rafael, 96 F.3d 359, 364 n.8 (9th Cir. 1996) (quoting Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975))[1]; see also Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002) ("The court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award.").

### III. Analysis

Plaintiff requests $70,608.80 in attorneys' fees and costs. For the reasons discussed herein, the court awards $47,912.04.

**A. Prevailing Party**

It is undisputed that plaintiff is the prevailing party in this action, given that judgment was stipulated and consequently entered in his favor.

**B. Discretion**

A prevailing plaintiff should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust. Barrios, 277 F.3d at 1134. Here, defendant argues that because plaintiff prevailed on less than a third of the

---

[1] Before the lodestar method developed, Kerr's twelve factors constituted the test for setting attorneys' fee awards in the Ninth Circuit. See Kerr, 526 F.2d at 70. At present, the court uses some of the Kerr factors in deciding the reasonableness of the hours billed and the hourly rate. Fischer, 214 F.3d at 1119 & n.3; see also Morales, 96 F.3d at 364 n.9 (listing the Kerr factors subsumed in the initial lodestar calculation).

4

violations initially raised, the request for attorneys' fees should accordingly be reduced by two-thirds.

Where a plaintiff only succeeds on some of the claims brought, the district court must engage in a two-part analysis. See Schwartz v. Sec'y of Health and Human Servs., 73 F.3d 895, 901-02 (9th Cir. 1995). First, the court must determine if the unsuccessful claims were related to the successful claims. Id. at 901. If the successful and unsuccessful claims involve "distinctly different claims for relief that are based on different facts and legal theories," fees may not be awarded for time spent on the unsuccessful claims. Id. (internal quotation marks omitted).

If the successful and unsuccessful claims "involve a common core of facts or [are] based on related legal theories," however, the court must proceed to the second part of the analysis. Id. (internal quotation marks omitted). Under this second step, the court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. (internal quotation marks omitted). "If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive." Id. at 902.

Here, plaintiff's successful and unsuccessful claims were related, as they all pertained to alleged accessibility violations and therefore shared "related legal theories."

1  Schwartz, 73 F.3d at 901; see also Hubbard v. Twin Oaks Health
2  and Rehabilitation Ctr., 406 F. Supp. 2d 1096, 1100 (E.D. Cal.
3  2005).  Accordingly, the court must determine the overall relief
4  obtained in relation to the hours reasonably expended.  On
5  summary judgment, the court ruled on a total of twenty-two
6  alleged violations.  Plaintiff prevailed on seven of the alleged
7  violations, whereas defendant prevailed on twelve of the alleged
8  violations (with the remainder of the violations involving
9  factual disputes inappropriate for summary judgment).  Plaintiff
10 notes, however, that (1) he succeeded in forcing defendant to
11 eradicate existing architectural barriers, (2) defendant
12 ultimately chose to settle rather than proceed to trial, and (3)
13 Mr. Chapman received damages in the amount of $8,000.
14      In light of the plaintiff's mixed success, the court finds
15 that some reduction in the award is appropriate.  While the
16 defendant has urged that the court essentially pro rate the
17 award by the number of successful claims to total claims, this
18 approach is only appropriate when the successful and
19 unsuccessful claims are unrelated, which is not the case here.
20 Otherwise, the two-part test would be rendered superfluous.
21 Rather, the court finds that it is appropriate to reduce the
22 final attorneys' fees award by 15 percent, given plaintiff's
23 partial success.

**C. Reasonable Fee**

25      The starting point for calculating the amount of a
26 reasonable fee is the number of hours reasonably expended

1  multiplied by a reasonable hourly rate.  See Hensley, 461 U.S.
2  at 433.

3  **1. Reasonableness of Hours Billed**

4  Plaintiff seeks to recover attorneys' fees for a total of
5  278.95 hours expended in this litigation.  Of those total hours,
6  153.10 are attributed to Lynn Hubbard, the individual with the
7  highest billing rate.  Defendant argues that this latter figure
8  should be reduced (or the billing rate adjusted) because some of
9  his time "could have -- and should have been -- managed more
10 efficiently by having less senior associates handle a
11 substantial portion of the work."  Doran v. Vicorp Restaurants,
12 Inc., 407 F. Supp. 2d 1120, 1124-25 (C.D. Cal. 2005).  For
13 example, defendant argues that time spent on discovery,
14 "boilerplate" motions, and site inspections could have been
15 delegated to less senior associates.

16 The staffing and division of labor undertaken by
17 plaintiff's lawyers, however, appears reasonable.  As an initial
18 matter, some of the tasks that defendant argues could have been
19 delegated to a more junior associate involve fairly significant
20 duties, such as drafting an opposition to a motion for summary
21 judgment.  Furthermore, even if Lynn Hubbard were to delegate
22 less substantive assignments, such as those involving discovery,
23 to more junior associates, he would presumably need to
24 nevertheless review their work.  It is not clear that the
25 savings of cheaper junior associates would outweigh the cost
26 involved in reviewing and supervising the junior associates'

7

labor.  Finally, plaintiff is represented by a small law firm. With a limited number of lawyers, it may simply be impractical to staff tasks with perfect efficiency.

**2. Reasonable Hourly Rate**

The court determines the reasonable hourly rate "according to the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), which is typically the one in which the district court sits, Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991), overruled on other grounds by Davis v. City & County of San Francisco, 976 F.2d 1536 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  The party moving for attorneys' fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987) (citing Blum, 465 U.S. at 895-97 & n.11).

Plaintiff seeks a raise in the hourly rate awarded to ADA attorneys in the Eastern District of California.  Plaintiff asks the court award fees of $300 per hour for lead counsel Lynn Hubbard, $225 per hour for attorney Steven Wedel, $175 per hour for attorney Scottlynn Hubbard, $150 per hour for attorney Mark Emmett, and $90 per hour for paralegals.  As recently as June 20, 2007 in a separate ADA case, the court awarded fees at the rate of $250 per hour for Lynn Hubbard, $150 per hour for

8

1  Scottlynn Hubbard, $150 per hour for Mark Emmett, and $75 per
2  hour for paralegals.  <u>Wilson v. Haria and Gogri Corp.</u>, No. Civ.
3  S-05-1239 (E.D. Cal. Jun. 20, 2007).  Plaintiff has renewed the
4  same arguments made in that case here.
5       To support his request for an increase in the hourly rates,
6  plaintiff cites (in his reply) a statistic from the United
7  States Department of Labor that inflation has increased 25%
8  nationwide since 1998.  Apart from the fact that defendant has
9  not had a fair opportunity to respond to this information, the
10 statistic is insufficient to show that in this district -- the
11 relevant location for determining reasonable hourly rates --
12 there was a similar increase in inflation and a corresponding
13 increase in the prevailing market rates for ADA attorneys.
14      Prevailing rates for ADA litigation in Sacramento are $250
15 per hour for an experienced attorney, $150 for an associate, and
16 $75 for a paralegal.  <u>See</u>, <u>e.g.</u>, <u>Martinez v. G. Maroni Co.</u>, No.
17 Civ. S-06-1399, 2007 WL 1302739, at *2 (E.D. Cal. May 2,
18 2007)(awarding Lynn Hubbard $250 per hour and his associate
19 $150); <u>Martinez v. Thrifty Payless, Inc.</u>, No. 2:02-CV-0745, 2006
20 WL 279309, at *3 (E.D. Cal. Feb. 6, 2006) (awarding Lynn Hubbard
21 $250 per hour and Scott Hubbard $150).  Accordingly, the court
22 will apply the hourly rates of $250 for Lynn Hubbard, $150 for
23 Scott Hubbard, Mark Emmett, and Steven Wedel, and $75 for
24 paralegals.
25 ////
26 ////

### 3. Travel Time

Defendant also argues that plaintiff should not be allowed to recover 18 hours of travel time because plaintiff's counsel chose to base their law offices out of Chico, rather than Sacramento.  "Other judges of this court have held that the defendant is not required to shoulder [Hubbard's] travel expenses to and from Sacramento because Hubbard has filed hundreds of cases in Sacramento and it appears that he maintains his office in Chico for his own convenience."  Martinez, 2005 WL 3287233, *5 (internal quotation marks omitted).  Taken to its logical extreme, however, travel time would never be compensable under this reasoning, because an attorney could simply move into office space adjacent to the courthouse to minimize travel costs.  While the Hubbards may have an expansive ADA practice in this court, the court should avoid questioning the propriety of where attorneys choose to set up office.  Accordingly, the court awards attorneys' fees attributable to travel time.

### 4. Lodestar adjustment

The lodestar figure is presumptively reasonable and should only be enhanced or reduced in "rare and exceptional cases." Fischer, 214 F.3d at 1119.  The parties have not argued that this is a rare or exceptional case.  Accordingly, the court awards plaintiff's counsel the lodestar amount.

### 5. Litigation Expenses and Costs

The ADA provides that the prevailing party may recover litigation expenses and costs in addition to attorneys' fees.

42 U.S.C. § 12205.  Plaintiff requests a total of $8,334.30 in costs and other expenses, which includes filing and service of process fees, site reports, and overnight and courier services, among other litigation expenses.

**a. Expert Fees**

Defendant argues that costs pertaining to expert fees should be denied.  In addition to attorneys' fees, the ADA authorizes "litigation expenses and costs".  42 U.S.C. § 12205.  "Expert witness fees are to be included in the term 'litigation expenses' in ADA cases."  <u>Jones v. Eagle-North Hills Shopping Centre, L.P.</u>, 478 F. Supp. 2d 1321, 1329 (E.D. Okla. 2007).  Here, plaintiff seeks $4,066.25 for an expert report and $454.10 for a preliminary site report.

First, with regard to the preliminary report, defendant argues that it was superceded by the subsequent expert report and that the cost of the preliminary report should not be permitted.  <u>See</u> <u>Martinez v. Long Drug Stores, Inc.</u>, 2005 WL 3287233, *6 (E.D. Cal. Nov. 28, 2005) (declining to award fees for preliminary report that was superceded by subsequent report).  Second, defendant argues that $2,328.75 of the cost of the expert report should be rejected because it was related to architectural drawings that were unnecessary to the litigation.  Because plaintiff has wholly failed to respond to either of these points, the court declines to award fees for the preliminary report and the portion of the expert report described above.

11

**b. Overnight Mail**

Defendant argues that plaintiff should not be entitled to $150.79 attributable to overnight mail expenses and instead maintains that regular U.S. mail would have been sufficient. Given the relatively small sum of money expended on overnight mail, however, it does not appear that plaintiff abused this practice. Accordingly, the court finds that costs attributable to overnight mail may be properly awarded.

**c. Duplicative Fees**

Defendant argues, and plaintiff concedes, that $2,438.66 in costs are duplicative and may be discounted from the initial estimate for litigation costs and expenses.

In sum, the court finds that plaintiff is entitled to recover $3,112.79 in litigation expenses and costs.

**IV. Conclusion**

For the foregoing reasons, the court awards plaintiff's attorneys' fees and costs in the following amounts:

| | | |
|---|---|---|
| Lynn Hubbard: | 145.10 hours @ $250/hr = | $36,275.00 |
| Lynn Hubbard: | 8 hours @ $175/hr[2] = | $ 1,400.00 |
| Steven Wedel: | 4.50 hours @ $150/hr = | $   675.00 |
| Scottlynn Hubbard: | 48.30 hours @ $150/hr = | $ 7,245.00 |
| Mark Emmett: | 21.75 hours @ $150/hr = | $ 3,262.50 |
| Paralegals: | 51.30 hours @ $75/hr  = | $ 3,847.50 |
| Subtotal attorneys' fees: | = | $52,705.00 |

---

[2] This figure reflects the rate that counsel chose to bill for travel.

12

```
1        Court reduction (by 15%):              = $44,799.25
2        Litigation expenses and costs:         = $ 3,112.79
3        Total attorneys' fees and costs:       = $47,912.04
```

It is therefore ORDERED that plaintiff's motion for attorneys' fees and costs is GRANTED in the total sum of $47,912.04.

IT IS SO ORDERED.

DATED: August 24, 2007.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT