UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BYRON CHAPMAN,

        Plaintiff,

    v.

PIER 1 IMPORTS, INC., et al

        Defendants.

_____/

NO. CIV. S-04-1339 LKK/DAD

O R D E R

    Plaintiff Byron Chapman ("Chapman") seeks leave to amend his complaint for disability discrimination against the defendant public accommodation, Pier 1 Imports ("Pier 1"), following a mandate from the Ninth Circuit, vacating this court's summary judgment order and instructing the court to dismiss Chapman's federal claim for lack of standing. For the reasons described below, the court instructs the parties to seek clarification from the Ninth Circuit as to whether it determined that plaintiff lacked standing based upon the allegations of his complaint or upon a factual determination.

1

# I. BACKGROUND

On July 13, 2004, Chapman, a disabled and wheelchair bound individual, brought suit against Pier 1 pursuant to the American with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"). On June 19, 2006, this court granted plaintiff's motion for summary judgment as to seven barriers listed in a report of the facilities and denied defendant's motion as to those barriers. Pier 1 appealed this decision arguing that plaintiff lacked standing as to these seven barriers because he had not personally encountered them and, consequently, they did not deter him from returning to the store. Chapman v. Pier 1 Imports (U.S.) Inc., No. 07-16326, 2011 WL 43709, at *1 (9th Cir. 2011) (en banc). A three-judge panel of the Ninth Circuit reversed this court's grant of summary judgment and found plaintiff lacked standing as to the barriers he had not personally encountered. Id.

Thereafter, plaintiff petitioned for and was granted a rehearing en banc. On January 7, 2011, the en banc panel issued an opinion holding that an ADA plaintiff has standing to sue for injunctive relief as to both encountered and unencountered barriers related to his disability when that plaintiff suffers an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability. Id. at *2. However, the court found that plaintiff lacked Article III standing from the beginning of litigation because he failed to "allege and prove" the required elements for standing for an ADA claim seeking injunctive relief. Further, the court vacated this

1  court's grant of summary judgment and remanded with specific
2  instructions to "dismiss Chapman's ADA claim for lack of
3  jurisdiction and for further proceedings consistent with [its]
4  opinion." Id. at *12.[1]

5     On February 1, 2011, this court received a mandate from the
6  Ninth Circuit. Shortly thereafter, on February 7, 2011, plaintiff
7  filed a motion requesting leave to amend his initial complaint
8  based on the Ninth Circuit's instruction of dismissal and "for
9  further proceedings consistent with this opinion." (Pl.'s Mot. Am.
10 2: ¶ 24.). Defendant timely opposed the motion. A hearing was held
11 on March 14, 2011.

## II. STANDARD

13    Plaintiff brings this motion under Fed. R. Civ. P. 59(e). This
14 rule, however, only concerns motions to alter or amend a judgment.
15 Plaintiff is not seeking to alter or amend a judgment,[2] but rather
16 to file a motion for leave to file an amended complaint pursuant
17 to the Fed. R. Civ. P. 16 scheduling order entered in this case.
18 (Doc. No. 12). Under the scheduling order, "[N]o further . . .
19 amendments to pleadings is permitted except with leave of court,

---

[1] Given the fact that plaintiff is wheelchair bound, it would appear that the fact and the nature of the impediments, at the least, provide the basis for a conclusion or at least an inference, that there was a direct relationship between the two demonstrated facts.  Moreover, because the motion for summary judgment did not assert an absence of such a relationship, plaintiff had no reason to further address the issue. In sum, since the relationship issue was first raised on appeal, it would appear appropriate to remand the matter to the district court for further factual development.

[2] The Ninth Circuit vacated this court's entrance of judgment in this case.

3

1  good cause having been shown." Id. at 2.

2  Plaintiff cannot show good cause to amend where amendment

3  would be futile. Accordingly, whether plaintiff may file an amended

4  complaint depends entirely on whether the Ninth Circuit instructed

5  this court to dismiss plaintiff's ADA claim because plaintiff did

6  not allege sufficient facts to demonstrate standing (the complaint

7  is facially deficient) or whether it instructed this court to

8  dismiss the claim because plaintiff failed to prove that he has

9  standing to bring this case (the claim is factually deficient).[3]

10  If the complaint is facially deficient, plaintiff's amendment is

11  not futile, and leave to amend should be granted. However, if the

12  Ninth Circuit determined that, as a matter of fact, plaintiff lacks

13  standing, amendment would be futile, and the motion should be

14  denied.

15  It is well established that when a claim is dismissed pursuant

16  to Fed. R. Civ. P. 12(b)(1) that the standard applied varies

17  according to the nature of the jurisdictional challenge. Under a

18  facial attack to subject matter jurisdiction, the issue is whether

19  the allegations of jurisdiction contained in the complaint are

20  insufficient on their face to demonstrate the existence of

21  jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

22  (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the

23  plaintiff is entitled to safeguards similar to those applicable

24

25  [3] A court may also decide that a plaintiff lacks standing in the summary judgment context. It is clear that the Ninth Circuit did not do so here where it cites to Fed. R. Civ. P. 12(b)(1) and not to Fed. R. Civ. P. 56 in support of its decision.

26

1  when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

2  23 F.3d 345, 347 (11th Cir. 1994), Osborn v. United States, 918

3  F.2d 724, 729 n.6 (8th Cir. 1990); see also 2-12 Moore's Federal

4  Practice - Civil § 12.30 (2009). The factual allegations of the

5  complaint are presumed to be true, and the complaint is only

6  dismissed if the plaintiff failed to allege an element necessary

7  for subject matter jurisdiction.  Savage v. Glendale Union High

8  Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003),

9  Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

10 Nonetheless, district courts  "may review evidence beyond the

11 complaint without converting the motion to dismiss into a motion

12 for summary judgment" when resolving a facial attack. Safe Air for

13 Everyone,373 F.3d at 1039.

14      Alternatively, under a factual attack, the "dispute [concerns]

15 the truth of the allegations that, by themselves, would otherwise

16 invoke federal jurisdiction." Id. Specifically, a factual challenge

17 occurs when the court considers "affidavits or other evidence

18 properly brought before the court." Id. Unlike in a motion to

19 dismiss under Fed. R. Civ. P. 12(b)(6), the court need not assume

20 the facts alleged in a complaint are true when resolving a factual

21 attack. Id. (citing  White v. Lee, 227 F.3d 1214, 1242 (9th Cir.

22 2000). While the motion is not converted into a motion for summary

23 judgment, "the party opposing the motion must [nonetheless] furnish

24 affidavits or other evidence necessary to satisfy its burden of

25 establishing subject matter jurisdiction." Id. When deciding a

26 factual challenge to subject matter jurisdiction, courts may only

1  rely on facts that are not intertwined with the merits of the

2  action. Id.

### III. ANALYSIS

4      Ultimately, this motion turns on an interpretation of the

5  Ninth Circuit's January 7, 2011 decision. For reasons best known

6  to the en banc panel, the opinion lacks clarity as to whether it

7  found plaintiff's complaint to be facially deficient, and thereby

8  curable, or it determined that plaintiff lacks standing based upon

9  the evidence already tendered and produced after oral argument upon

10 the request of the Circuit, and thereby concluded the failure is

11 not curable. For this reason, the court instructs the parties to

12 seek clarification from the Ninth Circuit as to basis of its

13 finding that plaintiffs' ADA claim should be dismissed. The court

14 discusses the ambiguity of the opinion below.

15     **A.   The Text of the Opinion**

16     The en banc panel limited its review to whether plaintiff had

17 suffered an injury-in-fact and whether he had demonstrated a

18 likelihood of future injury sufficient to support injunctive

19 relief. Chapman, No. 07-16326, 2011 WL 43709, at *4 (9th Cir. Jan.

20 7, 2011) (en banc). The previous Ninth Circuit panel concluded that

21 plaintiff did not suffer an injury-in-fact as to unencountered

22 barriers because the encountered barriers did not deter him from

23 returning to the Pier 1 store. Id. at *4. The en banc panel

24 reversed this finding, and set forth the standard for a plaintiff

25 to demonstrate standing to sue under the ADA. Id. Specifically, the

26 court held that when an ADA plaintiff has suffered an injury-in-

fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability, even if he is not deterred from returning to the public accommodation at issue. Id. In applying their holding to this case, however, the court found that plaintiff failed to "*allege and prove* the required elements of Article III standing to support his claim for injunctive relief under the ADA." Id. (emphasis added).[4] The court found that plaintiff's complaint alleged that "[H]e is 'physically disabled,' and that he 'visited the Store' and 'encountered architectural barriers that denied him full and equal access,'" but, the court explained that plaintiff "never allege[d] what those barriers were and how his disability was affected by them such that he was denied 'full and equal' access that would satisfy the injury-in-fact requirement. . ." Id. at *11. Furthermore, the court found plaintiff's attachment to his complaint, referred to as the "Accessibility Survey", listing store barriers known to him, insufficient to assert factual allegations of injury. The court concluded that plaintiff had also failed to relate the violations to his disability. Id. at *12. The Ninth Circuit then reversed and instructed dismissal of plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1).

      **1.   Text Supporting Facial Finding**

---

[4] Given that the standard applied was apparently the first time it was articulated by the Circuit, it would appear to be unremarkable that the plaintiff had not addressed the standard.

1      On the one hand, much of the opinion suggests that the Circuit

2 found that the allegations in plaintiff's complaint were

3 insufficient to plead standing. The court explained that plaintiff,

4 "failed to *allege* and prove the elements of standing. . .", that

5 plaintiff's "*complaint* itself is jurisdictionally defective[,]" and

6 the court refers to "pleading standards" that apply to civil rights

7 plaintiffs. Id. at *11 (emphasis added). Further, the court cited

8 to Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992), where the

9 Ninth Circuit determined the district court had supplemented facts

10 and details to plaintiff's initial complaint in a § 1983 claim. The

11 court observed that, "Chapman's *complaint* fails to *allege* the

12 essential elements of Article III standing." Id. at *11 (emphasis

13 added). Additionally, the court continued to refer to plaintiff's

14 complaint and determined that the "Accessibility Survey" attached

15 to his complaint, listing barriers known to him, were insufficient

16 to connect the "alleged violations" to plaintiff's disability. Id.

17 at *12. In support of its dismissal, the court cites to pleading

18 requirements as specified by Ashcroft v. Iqbal, 129 S. Ct. 1937

19 (2009), explaining that "Chapman's allegation that the barriers at

20 the Store 'denied him full and equal employment' is precisely the

21 'formulaic recitation' of the elements of a claim that the Supreme

22 Court has deemed insufficient under Rule 8," and that "[t]o

23 sufficiently allege standing, Chapman must do more than offer

24 'labels and conclusions' that parrot the language of the ADA." Id.

25 at *12, n.9.

26      Additionally, the Ninth Circuit does not expressly state that

plaintiff cannot establish standing in further proceedings. The court stated, "[a]lthough Chapman may establish standing as to unencountered barriers related to his disability, the list of barriers incorporated into his complaint does nothing more than 'perform a wholesale audit of the defendant's premises.'" Id. A possible interpretation of this language could be that plaintiff may have satisfied standing if he had properly pled his ADA claim.

Moreover, in the language instructing this court to dismiss the ADA claim, the Circuit cited to United States v. Hays, 515 U.S. 737, 747 (1995). In Hays, the Supreme Court vacated and remanded a redistricting gerrymandering case to the district court and ordered it to dismiss plaintiff's claim for lack of standing. Id. There, the Court remanded the case to the district court after considering evidence presented during a two-day hearing in support of plaintiffs' motion for a preliminary injunction. Nonetheless once remanded, the district court granted plaintiffs leave to amend the complaint in light of the Court's holding. Hays v. State of La., 936 F. Supp. 360, (W.D. La. 1996). Similar to the case at bar, the Court held that plaintiffs had failed to allege how they were aggrieved and how they personally suffered injury as a result of the redistricting plan adopted by the state. Hays, 515 U.S. 737, 745-746 (1995). The Court found that although a plaintiff could state a claim for relief under the Equal Protection Clause by alleging that th state had adopted a reapportionment scheme that discriminated against citizens based on race, appellees lacked standing to bring this claim because they lived outside of the

district in dispute. Id. at 738-739. The district court interpreted the Supreme Court's instruction on remand as a directive allowing the amendment of the complaint. Specifically, the district court found that the Court had instructed it to dismiss the claim but "*not* their action." Hays v. State of La., 936 F. Supp. 360, 365 (W.D. La. 1996) (emphasis in original). Further, the district court in Hays explained that "it is well established that a district court should grant leave to amend a complaint even after the original complaint has been dismissed so long as the action is still before the court." Id. (citing Federal Rule of Civil Procedure 15(a) providing "leave shall be freely granted when justice so requires"). Thus, the Ninth Circuit's reference to this case could be interpreted as a directive to permit leave to amend plaintiff's complaint.

### 2.   Text Supporting Factual Finding

On the other hand, several sections of the opinion suggest that the Circuit made a factual determination that plaintiff's complaint should be dismissed. Specifically, the court repeatedly states that plaintiff failed to "allege *and prove*" the elements of standing under the ADA. Chapman, 2011 WL 43709, at *11 (emphasis added). The court explained that plaintiff had not "alleged or *proven* that he personally suffered discrimination. . ." Id. at *2 (emphasis added). Further, the court points out that even if plaintiff had amended his complaint to include his expert's "Card Report" to address barriers he did encounter, he still failed to relate them to his disability. Id. at *12, n.10. In support of this

proposition, the court cites to <u>Martinez v. Longs Drug Stores,</u>
<u>Inc.</u>, No. CIV-S-03-1843 DFL CMK, 2005 WL 2072013 (E.D. Cal. Aug.
25, 2005), in which the district court granted summary judgment for
defendants because plaintiffs lacked standing. This reference
supports an indication that the Ninth Circuit considered the
evidence presented in this court's decision for summary judgment
as well as the evidence it requested plaintiff to submit following
oral argument.

Furthermore, the posture of this case strongly suggests that
the Court of Appeals made a determination as a matter of fact that
plaintiff lacked standing. Specifically, the Circuit did not
consider whether plaintiff lacked standing while this case was in
the pleading stage. Rather, discovery had closed and this court had
entered judgment in the case. Accordingly, the Ninth Circuit
considered deposition testimony in addition to the allegations of
plaintiff's complaint when reaching its decision. Under these
circumstances, it does appear that the court may have made a
determination that plaintiff's claim should be dismissed because,
based upon the complete factual record before it, he lacked
standing.

**B.   Oral Argument Before En Banc Panel**

The court cannot determine whether the Circuit instructed it
to dismiss plaintiff's ADA claim for lack of standing such that
plaintiff can cure the defect. For this reason, the court turns to
the oral argument heard before the en banc panel for guidance as
to how it should interpret the opinion. During oral argument, the

1  judges directed questions to counsel regarding both factual

2  evidence proving that plaintiff had suffered a cognizable injury

3  and pleading issues with his complaint. Recording for Case

4  C h a p m a n   v .   P i e r 1 I m p o r t s , N o . 0 7 - 1 6 3 2 6 E B ,

5  http://www.ca9.uscourts.gov/media/view_subpage.php?pk_id=0000005243

6  (last visited Mar. 8 2011). On one hand, Judge Kleinfeld insisted

7  that both plaintiff's counsel and defendant's counsel address the

8  injury plaintiff had suffered during his visit to the store. Id.

9  Judge Kleinfeld requested references to the record and evidence

10 from depositions, making clear on numerous occasions that he was

11 not concerned about the "allegations" but about "evidence" in the

12 record. Id. On the other hand, Judge Berzon alluded that the issue

13 in the case was not necessarily a standing issue but a "pleading"

14 issue. Id. at 19:00-20:00. Judge Berzon explained that the only

15 issue was that the complaint was not amended and it was simply a

16 "technical problem." Id. It seems clear, then, that the panel had

17 divergent views on whether the standing question was a factual or

18 a facial determination. Nevertheless, their opinion failed to shed

19 any light on the matter. Thus, oral argument does not provide much

20 guidance on the determinative question here.

21     **C.   Supplemental Briefing to the Panel**

22     Also during oral argument, Judge Kleinfeld asked plaintiff's

23 attorney to provide specific citations to evidence in the record

24 that illustrated how plaintiff had been "aggrieved" during his

25

26

visit to Pier 1.[5] Plaintiff's counsel could not cite to the record at that time and Judge Kozinski provided him an opportunity to submit that evidence to the court shortly after oral arguments. In response, counsel for plaintiff submitted deposition testimony of plaintiff and plaintiff's declaration filed in support of his motion for summary judgment. Letter from Scottlynn J. Hubbard IV, Pl.'s counsel, to Ninth Circuit Court (Mar. 24, 2010). The fact that the panel requested additional evidence suggests that they found plaintiff's claim insufficient as a factual matter but, in light of the discussion in the opinion, this request is not determinative of the question this court.

**D.    Procedure for Seeking Clarification from the Circuit**

In certain circumstances, the Ninth Circuit will clarify ambiguous mandates. Where a party demonstrates good cause and that clarification will prevent injustice, the Court of Appeals may clarify its mandate. <u>Planned Parenthood v. American Coalition of Life Activists</u>, 518 F.3d 1013, 1022 (9th Cir. 2008) (citing <u>Aerojet-General Corp. v. The American Arbitration Assoc.</u>, 478 F.2d 248, 254 (9th Cir. 1973); <u>Graham v. Balcor Co.</u>, 241 F.3d 1246, 1248

---

[5] The parties disputed the scope of Kleinfeld's question. Plaintiff interpreted the question broadly to encompass any evidence of injury and defendant interpreted it narrowly to testimony where plaintiff said "I've had more trouble getting on toilets because it was further from the wall than it should have been." The court does not interpret what the appropriate scope of the question was. Rather, the fact that the panel requested evidence of plaintiff's injury, regardless of how broad or narrow that request was, suggests that the Circuit was considering whether the evidence demonstrated that plaintiff had standing to bring his ADA claim.

1  (9th Cir. 2001) (citing same). The Circuit has identified "where

2  the mandate does not fully express the intentions of the court" as

3  a classic example of when a mandate should be recalled to prevent

4  injustice. Graham, 241 F.3d at 1248 (quoting Aerojet-General Corp.,

5  478 F.2d at 254). In Graham, the court noted that the district

6  court's inability to interpret the mandate as evidence that

7  supported the issuance of a revised mandate. Id. Under these

8  circumstances, the court finds that it is appropriate for the

9  parties to seek clarification of the mandate issued in this case.

10      **E.   Plaintiffs' Failure to Comply with Local Rules**

11      Under L.R. 137(c), plaintiff may not move to file an amended

12  complaint without attaching a proposed complaint. Here, plaintiff

13  failed to do so. Counsel for plaintiff is hereby ordered to show

14  cause in writing why sanctions should not issue in accordance with

15  L.R. 110, including a fine of $150 and/or dismissal of this case,

16  for their failure to attach a proposed amended complaint to the

17  motion.  See also Fed. R. Civ. P. 41(b), Link v. Wabash R.R., 370

18  U.S. 626, 633 (1962). Counsel shall file a response to this order

19  to show cause and shall file a proposed amended complaint within

20  seven days of the issuance of this order.

21                      **IV. CONCLUSION**

22      For the foregoing reasons, the court DECLINES to decide this

23  matter pending the parties' request for clarification to the Ninth

24  Circuit. Accordingly, plaintiff's motion to file an amended

25  complaint (Doc. No. 142) is DENIED WITHOUT PREJUDICE. Plaintiff

26  shall re-file his motion following either clarification from the

                              14

1  Ninth Circuit or notification that the Ninth Circuit will not

2  clarify the mandate.

3       The court FURTHER ORDERS counsel for plaintiff to show cause

4  for their failure to attach a proposed amended complaint to their

5  motion. Counsel's response and the proposed amended complaint SHALL

6  BE FILED within seven (7) days fo the issuance of this order.

7       IT IS SO ORDERED.

8       DATED:  March 17, 2011.

10                              LAWRENCE K. KARLTON
11                              SENIOR JUDGE
12                              UNITED STATES DISTRICT COURT