1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  BYRON CHAPMAN,
                                    NO. CIV. S-04-1339 LKK/DAD
12          Plaintiff,

13      v.
                                       O R D E R
14  PIER 1 IMPORTS, INC., et al

15          Defendants.
    _____/

16

17      Plaintiff Byron Chapman ("Chapman") seeks leave to amend his

18  complaint for disability discrimination against the defendant Pier

19  1 Imports ("Pier 1"), following remand from the Ninth Circuit,

20  which vacated this court's summary judgment order and instructed

21  the court to dismiss Chapman's claim for lack of standing. The

22  court instructed plaintiff to seek clarification from the Ninth

23  Circuit as to the nature of its ruling, which the Circuit denied.

24  Nonetheless, it explained that this court may, in its discretion,

25  grant plaintiff leave to file an amended complaint. For the reasons

26  described below, the court grants plaintiff's motion to file an

1

amended complaint and to correct paragraph 12 of his proposed amended complaint.

The court must admit that it was surprised that defendant filed an opposition to plaintiff's motion in light of the Ninth Circuit's order and this court's March 18, 2011 order. Most of defendant's arguments are premature or procedural arguments, which hardly justify delaying determination on the merits.

**A.    Premature Arguments**

Many of defendant's concerns are appropriately raised under Fed. R. Civ. P. 12 and not in opposition to a motion to file an amended complaint. This is of particular importance given that the Ninth Circuit reviews this court's application of Rules 12(b)(1) and 12(b)(6) *de novo*, but reviews its decision to allow or disallow an amended complaint for abuse of discretion. These issues are the following: (1) whether plaintiff has pled sufficient facts to demonstrate standing and (2) whether plaintiff has stated a claim upon which relief may be granted.

Furthermore, defendant raises several concerns about the sufficiency of the evidence. These concerns are appropriately raised at summary judgment or trial. Additionally, defendant's contention that plaintiff's claims do not relate back to the original filing date are also evidentiary questions concerning the scope of any potential liability. Federal Rule of Civil Procedure 15(c) does not prohibit a court from allowing an amended complaint where such claims may not relate back, but rather describes the test to apply when determining whether a claim relates back.

1 | Defendant's concerns here are best addressed in a motion for
2 | summary judgment or a trial on how to apply the statute of
3 | limitations to the instant case.

4 | **B.   Technical Procedural Arguments**

5 | Defendant also raises several objections to plaintiff's
6 | proposed amended complaint that appear to be distractions from the
7 | actual issues in this case. First, they contend that plaintiff
8 | failed to follow local rules requiring him to attach a proposed
9 | amended complaint to the instant motion. Plaintiff, however, had
10 | already filed his proposed amended complaint. The proposed filing
11 | was already on the record and, thus, there is no reason to find
12 | that plaintiff failed to comply with local rules.

13 | Further, defendant contends that the court should deny
14 | plaintiff's motion because the 2007 settlement agreement and some
15 | of the allegations in plaintiff's proposed amended complaint
16 | occurred after the filing of the original complaint and, thus,
17 | plaintiff should have moved to file a supplemental complaint under
18 | Fed. R. Civ. P. 15(d) and not an amended complaint under Rule
19 | 15(a). This distinction is without merit. As the Ninth Circuit has
20 | held, "[T]he erroneous characterization of [a] corrected pleading
21 | as a 'second amended complaint' as opposed to a supplemental
22 | pleading is immaterial." Cabrerea v. City of Huntington Park, 159
23 | F.3d 374, 382 (9th Cir. 1998). The Circuit has consistently
24 | reasoned that, "This interpretation of Rule 15(d) is supported by
25 | the general purpose of the Rules to minimize technical obstacles
26 | to a determination of [a] controversy on its merits." Id. (quoting

1 <u>United States v. Reiten</u>, 313 F.2d 673, 674 (9th Cir. 1963)). In

2 light of this precedent, the court construes plaintiff's motion as

3 under Rules 15(a) and 15(d).

4     **C.   Undue Delay**

5     Defendant further contends that the court should deny

6 plaintiff's motion because of undue delay. Specifically, it argues

7 that granting plaintiff leave to amend would be an abuse of

8 discretion because of precedent that a district court did not abuse

9 its discretion in denying leave to file an amended complaint where

10 plaintiff did not demonstrate good cause. This argument is entirely

11 without merit. Initially, this case has been on appeal since 2007

12 making defendant's contention of undue delay quite odd to say the

13 least. Moreover, an en banc panel of the Ninth Circuit ordered that

14 it did not limit the district court's discretion to grant leave to

15 amend. Under these circumstances, the court does not find that the

16 delay in filing the proposed amended complaint was undue.

17     **D.   Alternate Paragraph**

18     Plaintiff requests that this court allow him to correct

19 paragraph 12 in his proposed amended complaint when filing his

20 amended complaint. The court grants this request.

21     **E.   Conclusion**

22     For the foregoing reasons, the court GRANTS plaintiff's motion

23 to file an amended complaint with the correction to paragraph 12

24 explained in plaintiff's briefs. Plaintiff shall file his amended

25 complaint within seven (7) days of the issuance of this order. The

26 court further sets a status conference for July 11, 2011 at 3:00

1   p.m. The parties shall file status reports fourteen (14) days

2   before the status conference.

3          IT IS SO ORDERED.

4          DATED:  June 16, 2011.

5

6

7                            LAWRENCE K. KARLTON
                             SENIOR JUDGE
8                            UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26