UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BYRON CHAPMAN,

         Plaintiff,

   v.

PIER 1 IMPORTS, INC., et al

         Defendants.

                 NO. CIV. S-04-1339 LKK/DAD

                 O R D E R

    On June 16, 2011, the court ordered plaintiff to file an amended complaint by June 23, 2011.  At 8:10 p.m. on June 23, instead of filing an amended complaint, plaintiff filed an ex parte application to allege diversity jurisdiction in the amended complaint.  This late filing prevented the court from issuing an order before plaintiff's deadline had passed. Plaintiff attached an email indicating that his counsel sought the stipulation of defense to the additional allegation at 12:26 p.m. on June 23.  At 3:04 p.m., defense counsel responded that they would not stipulate to allow plaintiff to allege

1

diversity jurisdiction because they do not believe that this court has jurisdiction over the complaint because of diversity.

Throughout this case, defense counsel has made what should be simple matters quite complicated. This court continues to attempt to have this case proceed as efficiently as possible so that the case can be resolved on the merits. Instead, the court must again issue an order disposing of pointless arguments. In short, stipulating to allow plaintiff to *allege* diversity jurisdiction is a far cry from stipulating that the court actually has diversity jurisdiction. If defense counsel would have so stipulated, this case could have proceeded without such delay.

Nonetheless, plaintiff's counsel is not blameless. His reason for filing this request is to avoid dismissal of the complaint if the court grants defendant's motion to dismiss plaintiff's ADA claims. This concern is entirely premature. If the court were to dismiss plaintiff's federal claims, plaintiff could move to file an amended complaint or could otherwise argue that the court retains jurisdiction over its state claims. Further, plaintiff's counsel's late attempts to obtain defense counsel's consent and to file his ex parte request resulted in plaintiff missing the deadline to file his amended complaint.

Ultimately, the court grants plaintiff's request (Doc. No. 157) to allow this case to proceed. Plaintiff shall file his complaint by 9:00 a.m. on June 27, 2011. The court advises the parties to focus on the efficient resolution of this case

1  and, to the extent possible, to avoid coming to the court with
2  these pointless disputes.
3       IT IS SO ORDERED.
4       DATED:  June 24, 2011.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3