UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>PIER 1 IMPORTS (U.S.), INC.,<br><br>    Defendant. | No. 2:04-cv-01339-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

    Through the present motion, Plaintiff Byron Chapman ("Plaintiff") seeks attorneys' fees and litigation expenses, pursuant to both state law and 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA"), after the protracted litigation in this matter, which extended some eleven years and encompassed five different summary judgment motions in district court, as well as three different rounds of briefing, two panel hearings, and a petition for rehearing before the Ninth Circuit.  The case finally ended when the district court's final order granting summary judgment was affirmed by the Ninth Circuit in May of 2015 after being appealed by Defendant Pier 1 Imports (U.S.), Inc. ("Pier 1").

    Plaintiff now requests that this Court award attorneys' fees totaling $496,849.60 as well as costs and litigation expenses of $19,479.92 for a total amount sought of $516,329.52.  As set forth below, Plaintiff's Motion is GRANTED, but the Court finds that

only $312,253.00 in attorneys' fee are recoverable, as well as the $19,479.92 expended as costs, for a total of $331,732.92.

**BACKGROUND**

On or about July 13, 2004, Plaintiff instituted the present action under the ADA and various state laws after claiming that he encountered a number of architectural barriers at Pier 1's store in Vacaville, California. The parties filed their first cross-motions for summary judgment in 2005, and Judge Lawrence K. Karlton of this Court, who was originally assigned the case, partially granted and partially denied each party's motion. On appeal, the first Ninth Circuit panel found that Chapman had standing as to those barriers he had actually encountered, but lacked standing as to any un-encountered barrier which did not deter him from re-entering the store. Chapman v. Pier 1 Imports (U.S) Inc., 571 F.3d 853 (9th Cir. 2009). On en banc review, however, the Ninth Circuit agreed that Plaintiff had standing to sue for injunctive relief on both bases, reasoning that Plaintiff had standing if he demonstrated "injury-in-fact coupled with an intent to return to a noncompliant facility." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011) (en banc). The Ninth Circuit nonetheless remanded for dismissal because Plaintiff had personally failed to establish that he "suffered discrimination as defined by the ADA as to encountered barriers on account of his disability." Id.

On remand, Plaintiff sought leave to amend his complaint and after Judge Karlton clarified with the Ninth Circuit that this was permissible under the terms of its mandate, he granted leave to amend the complaint. Plaintiff's amended complaint continued to allege that barriers at the store impeded his access, and after additional discovery, the parties filed another set of cross-motions. The Court denied Pier 1's motion in its entirety and granted Plaintiff's Motion as to his claims under the ADA as well as his claims under California's Disabled Persons Act and Unruh Act. On or about August 22, 2012, Pier 1 appealed that decision. On or about August 27, 2014, this case was

reassigned to the undersigned after Judge Karlton's retirement.  Then, on March 5, 2015, the Ninth Circuit issued a published decision affirming the district court's grant of summary judgment on Plaintiff's claim that Pier 1's failure to maintain accessible aisles violated his rights under the ADA.  The Ninth Circuit also affirmed summary judgment on Plaintiff's state law claims since they depended on establishing an ADA violation.  Chapman v. Pier 1 Imports (U.S.) Inc., 779 F.3d 1000 (9th Cir. 2015).  The Ninth Circuit reversed only as to Plaintiff's claims concerning the Vacaville store's accessible sales counter.  Id. at 1009-10.  On July 2, 2015, after mandate was issued by the Ninth Circuit, this Court issued a judgment of permanent injunction consistent with the Ninth Circuit's opinion.  The instant Motion for fees and costs was subsequently filed on June 20, 2016.

## STANDARD

Plaintiff's complaint alleged violations of federal and California law.  Plaintiff's federal claim arose under the ADA, while his state law claims arose under California's Unruh Act, Cal. Civ. Code § 51, California Health & Safety Code § 19953, and the California Disabled Persons Act, Cal. Civ. Code §§ 54-55.

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205.  A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1976).

Section 55 of the California Disabled Persons Act provides that "the prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55.  Also, under California Health & Safety Code § 19953, "[a]ny person who is aggrieved or potentially aggrieved by a violation of this part . . . may bring an action to enjoin the violation.  The prevailing party in the action shall be entitled to recover reasonable attorney's fees."

## ANALYSIS

When determining the reasonableness of a fee request, courts typically begin by using the lodestar method. Under this approach, "a reasonable hourly rate [is multiplied] by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998). The lodestar figure may then be adjusted based on an evaluation of the so called Kerr factors:

> The time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

Under this analysis, the Court first turns to the reasonable hourly rate. Plaintiff requests $480 per hour for lead attorneys Lynn Hubbard and Scottlynn Hubbard, $350 per hour for associate attorneys working for the Hubbards' firm (Disabled Advocacy Group, APLC ("DAG")), and $125 an hour for time expended by paralegals. Pier 1, on the other hand, submits that reasonable rates should not exceed $300 for Lynn Hubbard, $250 for Scottlynn Hubbard, $200 for other attorneys, and $75 for paralegals.

The fee applicant, here Plaintiff, has the burden of "producing satisfactory evidence--in addition to the attorney's own affidavits-- that the requested rates are in line with those prevailing in the community for similar legal services by lawyers." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). A rate determined in this way is deemed the prevailing rate and is normally considered reasonable. Id.

Here, the Court does not believe that the evidence presented justifies the hourly rates that Plaintiff advocates. In 2007, when Plaintiff last sought attorneys' fees in this

case, he sought hourly rates of $300 and $175, respectively, for Lynn and Scottlynn Hubbard, which Judge Karlton reduced to $250 and $150. Chapman v. Pier 1 Imports (U.S.) Inc., 2007 WL 2462084 at *3 (E.D. Cal. 2007); ECF No. 123-1 at 3:14-19. As Pier 1 points out, the $480 figure now sought for both the Hubbards represents an increase of between 92 and 220 percent in the intervening ten years.

Despite the Hubbards' claims to the contrary, in Johnson v. Patel, No. 2:14-cv-02078-WBS-AC, 2015 WL 300740 (E.D. Cal. Jan. 22, 2015), this Court found, following a review of applicable case law, that "the prevailing rate [for attorneys' fees under the ADA] is $250 per hour in the Sacramento division of the Eastern District of California for similar services by lawyers of reasonably comparable skill, experience and quality." Id. at * 4, citing Loskot v. D&K Spirits, LLC, No. 2:10-cv-00684-WBS-DAD, 2011 WL 567364 at * 5 (E.D. Cal. Feb. 15, 2011) (citing numerous Eastern District ADA cases where $250 was determined to be a reasonable rate on default judgment);[1] Johnson v. Dhami, No. 2:14-cv-01150-KJM-AC, 2014 WL 4368665 at * 3 (same). Moreover, in Johnson v. Wayside Property, Inc., No. 2:13-1610-WBS-AC, 2014 WL 6634324 at * 6 (E.D. Cal. 2014), another district judge here in Sacramento found, in approving a $300 rate in a contested ADA case, that there was no evidence showing that Sacramento attorneys representing plaintiffs in routine disability access cases charge rates in excess of the $300 figure accorded, some seven months previously, to a partner in a disability access firm who had devoted some 95 percent of his practice to disability issues for almost 21 years. Id. at * 5-6, discussing Johnson v. Allied Tractor Supply, No. 2:13-cv-01544-WBS-EFB, 2014 WL1334006 (E.D. Cal. Apr. 3, 2014).

While Plaintiff presents the Declaration of John O'Connor in advocating a higher figure, the Court is not convinced. O'Connor is a principal in a law firm based in San Francisco that specializes in commercial litigation. See O'Connor Decl., ¶ 1. He

---

[1] While Plaintiff argues that this case should not be considered because it was subsequently vacated by Johnson v. Patel, No. 2:14-cv-02078-WBS-AC, 2015 WL 3451753 (E.D. Cal. May 28, 2015), the order was vacated because the judgment against Defendants was ultimately deemed to have been set aside, and not because its observations concerning the prevailing hourly rate for attorneys' fees were in any way misplaced had default been upheld.

claims to have kept abreast of billing rates in the Bay Area, and while he professes to have also done so throughout the country (see id. at ¶ 8), there is no indication he has any particular expertise in billing trends in the Sacramento area. In the experience of the undersigned, rates here are markedly lower than in the Bay Area.

In short, no evidence has been presented in this proceeding that causes this Court to conclude that the prevailing Sacramento rate of $250-$300 as recently as two years ago has measurably increased. While the Hubbards are undoubtedly experienced in disability access litigation, they are no more so than other counsel who have been awarded hourly rates in that range. Consequently, Plaintiff is awarded $300 per hour for the time expended by Lynn and Scottlynn Hubbard in this matter. Moreover, and commensurate with those rates, the court awards a $200 hourly award for associate attorneys, and $100 per hour for paralegals.

Having determined the reasonable rates, the Court now addresses Pier 1's remaining contentions. First, Pier 1 argues that Plaintiff's failure to seek attorneys' fee from the Ninth Circuit should preclude its effort to do so here. As Plaintiff points out, however, because no judgment was rendered that changed the parties' legal relationship until this Court's grant of permanent injunction on July 2, 2015, after both interlocutory appeals before the Ninth Circuit had been adjudicated, it would have been premature to seek costs. Second, Pier 1 asks this Court to parse the extent to which Plaintiff prevailed on the merits as to the issues raised on appeal, and reduce any award to the extent that it did not prevail on certain issues. Indeed, Pier 1 goes so far as to advocate that because the gravamen of Plaintiff's complaint changed considerably after the matter was remanded by the Ninth Circuit the first time, the Court should disallow any fees generated by the first appeal since it was insufficiently related to the matters upon which Plaintiff ultimately did prevail in 2015.

The Court believes that separating out the intertwined issues presented by this case over the eleven years it remained pending would be all but impossible. As Plaintiff points out, the issues were presented in the same case and by the same plaintiff who

sought to remove the same barriers under the same statutes from the same defendant at the same store.  See Pl.'s Reply, 8:10-13.  Moreover, as Plaintiff also indicates, when Judge Karlton permitted Plaintiff to file an amended complaint after this case was first remanded by the Ninth Circuit, he instructed the defense to move for summary judgment if it concluded that the claims of the amended pleading did not relate back to the original complaint.  Pier 1 apparently failed to do so.

It must also be noted that even if Plaintiff did not prevail on all issues, he may still seek compensation for hours spent on unsuccessful claims unless those claims were "distinct in all respects" from his successful claims.  Hensley v. Eckerhart, 461 U.S. 424, 440 (1983). The Court cannot make that determination here.

Finally, after examining the evidence and Pier 1's arguments with respect to whether certain charged items were reasonable under the circumstances, and after considering that evidence in light of the Kerr factors, the Court, in exercising its discretion, believes the items claimed were reasonable and declines to reduce Plaintiff's lodestar figure on that basis.

## CONCLUSION

Based on all of the foregoing, Plaintiff's Motion for Attorneys' Fees, Costs, and Litigation Expenses (ECF No. 237) is hereby GRANTED as follows:

1. Attorneys' fees are awarded for 250.55 hours expended by Lynn Hubbard in this matter at the rate of $300 per hour for a total of $75,165.00.
2. Attorneys' fees are awarded for 718.90 hours expended by Scottlynn Hubbard in this matter at the rate of $300 per hour for a total of $215,670.00.
3. Attorneys' fees are awarded for 52.70 hours expended by various associate attorneys in Plaintiff counsel's firm at a rate of $200 per hour for a total of $10,540.00.

///

4. Paralegal fees are awarded for 108.78 hours at a rate of $100.00 per hour for a total of $10,878.00.

5. Costs are awarded in the amount of $19,479.92.

6. Total attorneys' fees and costs are therefore awarded to Plaintiff in the sum of $331,732.92.

IT IS SO ORDERED.

Dated:  March 14, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE